# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-0158-CVE |
| | ) |
| STEVEN LEE BURCH, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant has been charged with committing abusive sexual contact in Indian country, in violation of 18 U.S.C. §§ 1151, 1153, 2244(b). The indictment charges that: ". . . the defendant, Steven Lee Burch, an Indian, knowingly engaged in sexual contact with a non-Indian female, by reaching up her skirt and touching and penetrating her genitalia with his finger without her permission, all with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." Dkt. # 2. Sexual contact is defined by statute as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

It is a violation of a defendant's Fifth and Sixth Amendment rights for a court's jury instructions to constructively amend the indictment. United States v. Cruz-Rodriguez, 570 F.3d 1179, 1182 (10th Cir. 2009); see also U.S. CONST. amend V ("No person shall be held to answer for a[n] . . . infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."); U.S. CONST. amend VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."). "A constructive amendment occurs when the Government,

through evidence presented at trial, or the district court, through instructions to the jury, broadens the basis for a defendant's conviction beyond acts charged in the indictment." United States v. Hien Van Tieu, 279 F.3d 917, 921 (10th Cir. 2002) (citing United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999)). "To constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility the defendant was convicted of an offense other than that charged in the indictment." Id. "[A] variation between the evidence at trial and the indictment generally does not rise to the level of an unconstitutional constructive amendment if it does not raise the possibility that the defendant was convicted of an offense other than that charged in the indictment." United States v. Farr, 536 F.3d 1174, 1181 (10th Cir. 2008) (citing United States v. Miller, 471 U.S. 130, 136-39 (1985)); see also United States v. Rucker, 417 F. App'x 719, 722-23 (10th Cir. 2011) ("One test to determine constructive amendment is whether a defendant could be exposed to double-jeopardy . . . ." (citing United States v. Hamilton, 992 F.2d 1126, 1130 (10th Cir. 1993))).

Mere omission of an indictment's allegations from jury instructions does not necessarily result in a constructive amendment. See United States v. DeChristopher, 695 F.3d 1082 (10th Cir. 2012); see also United States v. Smith, 838 F.2d 436, 439 (10th Cir. 1988) ("When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage and such surplusage need not be proved." (quoting United States v. Harper, 579 F.2d 1235, 1240 (10th Cir. 1978))). The defendant in DeChristopher was charged with violating 30 U.S.C. § 195(a)(1), which makes it unlawful "to organize or participate in any scheme, arrangement, plan, or agreement to circumvent or defeat the provisions of this chapter or its implementing regulations." 30 U.S.C. §

195(a)(1). Presumably in addition to the statutory language,[1] the indictment alleged "(1) that Defendant 'represented himself as a bona fide bidder when in fact he was not,' (2) that Defendant completed a bidder registration form certifying his good faith intention to acquire an oil and gas lease, and (3) that Defendant 'bid on and purchased oil and gas leases that he had neither the intention nor the means to acquire.'" Id. at 1094. The jury instructions omitted all of the additional factual allegations made in the indictment. Id. The Tenth Circuit found that none of the additional material alleged in the first count constituted an essential element of the offense, so there was no constructive amendment. Id.

However, the Tenth Circuit has held that a constructive amendment can occur when a jury instruction tracks the language of the applicable statute but the indictment specified a limited basis for conviction under the statute. See United States v. Bishop, 469 F.3d 896, 901-03 (10th Cir. 2006), abrogated in part on other grounds by Gall v. United States, 552 U.S. 38 (2007).[2] In Bishop, the defendant was charged with being a felon in possession of a firearm. The indictment alleged that the

---

[1] The Tenth Circuit did not quote the indictment in full, and the district court's opinion is not accessible. In her opinion concurring in part and dissenting in part, Chief Judge Briscoe provided a more complete recitation of the indictment, but even it contains omissions: "Count 1 specifically alleged that '[o]n or about December 19, 2008,' DeChristopher 'did organize and participate in a scheme, arrangement, plan, and agreement to defeat the provisions of [FOOGLRA] . . . by knowingly interfering with the competitive bidding process of the sale of federal oil and gas leases.'" DeChristopher, 695 F.3d at 1099 (Briscoe, C.J., concurring in part and dissenting in part). The precise language of the indictment in DeChristopher is thus unclear.

[2] Although Bishop was abrogated in part by Gall, its discussion of constructive amendments remains good law in the Tenth Circuit. See United States v. Cruz-Rodriguez, 570 F.3d 1179, 1182 n.1 (10th Cir. 2009) ("*Bishop* supplies the analytic framework that guides us here."). The abrogation in Bishop dealt with the Tenth Circuit's discussion of the reasonableness of the defendant's sentence, not with whether the jury instructions constructively amended the indictment. See United States v. White, 265 F. App'x 719, 728 n.8 (10th Cir. 2008).

3

defendant "did unlawfully and knowingly possess in and affecting commerce and receive any ammunition and firearm which has been shipped or transported in interstate commerce, that is a Hi–Point 9 mm pistol, serial number P117787." Id. at 899-900. At trial, the United States introduced evidence of both the firearm specified in the indictment and also a .38 caliber bullet found in the defendant's possession at the time of his arrest. Id. at 900. The district court instructed the jury that the defendant could be found guilty if the jury determined that he possessed either the firearm or the bullet. Id. The Tenth Circuit, adopting the reasoning of the Seventh Circuit in United States v. Leichtnam, 948 F.2d 370 (7th Cir. 1991), stated that "[i]f an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars." Bishop, 469 F.3d at 902. The appellate court found that the phrase describing the firearm modified the statutory phrase "any ammunition and firearm," effectively "'limit[ing] the bases for possible conviction' to a specific firearm." Id. at 903 (quoting United States v. Leichtnam, 948 F.2d 370, 379 (7th Cir. 1991)). The trial court's instruction to the jury, which allowed conviction for possession of the bullet, was therefore a constructive amendment of the indictment. Id.

The Tenth Circuit clarified Bishop in the unpublished case United States v. Rucker, 417 F. App'x 719 (10th Cir. 2011). Like the defendant in Bishop, the defendant in Rucker was charged with being a felon in possession of a firearm. Id. at 720. The indictment alleged that defendant "did unlawfully and knowingly possess a firearm, to wit: a Smith & Wesson, Model M 60–7, .38 S. & W. SPL revolver, in and affecting interstate commerce." Id. at 721. The only evidence of a firearm presented at trial concerned the firearm specifically alleged in the indictment. Id. at 723. The trial court's instructions to the jury required the United States to prove that the defendant "knowingly possessed a firearm." Id. at 721. The Tenth Circuit reiterated that the government's specific

4

description of the firearm made that firearm an element of the offense for purposes of the constructive amendment analysis. Id. at 723 (citing Bishop, 469 F.3d at 903). However, the Tenth Circuit found no constructive amendment because the "gun described in the indictment was the same gun produced at trial and which the jury convicted Rucker of possessing." Id. In other words, the jury could only have convicted the defendant based on his possession of the gun specifically described in the indictment, so there was no possibility of double-jeopardy. Id. Without the possibility of double-jeopardy, there was no constructive amendment. Id.

Although it is unknown what evidence will be presented at trial, it seems more likely that this case will be more analagous to Bishop than DeChristopher or Rucker. The indictment alleges, inter alia, that defendant "knowingly engaged in sexual contact with a non-Indian female, by reaching up her skirt and touching and penetrating her genitalia with his finger without her permission." Dkt. # 2. As in Bishop and Rucker, the grand jury charged the broad statutory phrase "sexual contact" but then included a specific basis for conviction: "by reaching up her skirt and touching an penetrating her genitalia." The latter phrase can only be interpreted as directly modifying "sexual contact." Thus, unlike in DeChristopher, the wording of the indictment narrows the means by which the United States may prove "sexual contact" from a variety of actions to a specific action, making it an essential element of the offense. See Rucker, 417 F. App'x at 723 ("[I]t was the government's choice to specifically describe the weapon in the indictment, thus making it an element." (citing Bishop, 469 F.3d at 903)).

Following Bishop, the Court will not instruct the jury on the broad definition of "sexual contact" found in 18 U.S.C. § 2246(3). To do so would be to constructively amend the indictment. Rather, the Court will instruct the jury that the definition of sexual contact is limited to touching of

5

the genitalia with the requisite intent. This will ensure that no constructive amendment occurs and, thus, that defendant's Fifth and Sixth Amendment rights are not violated.

**IT IS SO ORDERED** this 8th day of December, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE